WILLIAMS *et al. v.* MADDOX.

1. A judgment in a claim case finding the property subject is conclusive between the parties as to all matters put in evidence, or which under the rules of law might have been put in issue in the trial of the case. *McLendon* v. *Shumate,* 128 *Ga.* 526 (57 S. E. 886).

2. A judgment in a claim case can not be collaterally attacked upon the trial of a second claim to the same property by the same parties, for alleged errors in the first trial, where the first judgment has not been set aside.

3. The court did not err in overruling the motion to dismiss the petition, or in directing the verdict.

No. 5088. JULY 16, 1926.

Equitable petition. Before Judge J. B. Jones. Jackson superior court. August 5, 1925.

*Ray & Ray,* for plaintiffs in error. *Pemberton Cooley,* contra.

Judgments, 34 C. J. p. 561, n. 8; p. 909, n. 31.

RUSSELL, C. J. Y. D. Maddox filed his equitable petition against Ebb Williams, Henry Williams, Bertha Williams, and Owen Williams, and also Ebb Williams, trustee and executor of the said Henry Williams and Bertha Williams and Owen Williams, and also B. H. Collier, sheriff of Jackson County, and alleged that he had two fi. fas., one against Ebb Williams and Owen Williams, from the city court of Jefferson, and was transferee of another fi. fa. sued out by I. T. Kealer against Ebb Williams, Henry Williams, and Bertha Williams, from the superior court of Jackson County; that said fi. fas. had been levied on certain real estate in Jackson County, and the defendants had filed claims to the levy of said fi. fas., and at the February term, 1914, of Jackson superior court, and at the August term, 1923, and at two or three other times, claiming said land levied on; that the sheriff has advertised said property for sale in the Jackson Herald for at least five times, and the defendants have filed their claims, and as soon as the cases came up for trial they have withdrawn their claims; that at the February term, 1924, for the fifth time they filed said claims, each and every one of which were identical and based upon the same ground, and at said term the defendants again attempted to withdraw said claims, but by insistence of plaintiff's counsel the court forced the case to trial, and the jury found the property subject; that said verdict and judgment is a complete adjudication of all the issues and contentions raised in said claims and should be an end of the same; that the claimants intend to interpose other claims upon the same grounds, for the purpose of delay; that he has paid out $40 or $50 for advertising fees; that the amount of his fi. fas. is $1000 or more, and the property is not worth more than $400 or $500. He asks that the sheriff be enjoined and restrained from accepting any further claims on the same grounds. He alleges that the said land was advertised for sale on the first Tuesday in April, 1924; that he bought said land at said sale, that is to say, that part which was levied on, which was a three-fifths interest in the land.

It does not appear that any one except Ebb Williams answered the petition; but in his answer he admits that he filed all of the claims. The other defendants made a motion to dismiss the case, because they were not served. Counsel for defendant in error insists they were served, but that counsel for plaintiff in error

did not verify their answers. Ebb Williams is the only defendant that filed a bill of exceptions; the other defendants filed exceptions pendente lite. It does not appear what interest Ebb Williams had in dismissing the names of the other parties from the petition, but he swears that he filed all the claims. Neither Ebb Williams nor either of the other defendants made a motion for a new trial, and the verdict finding the property subject was not disturbed. Williams attempted to collaterally attack the judgment finding the property subject, by showing that the case was not on the docket at that particular time and that his attorney had leave of absence from the court. If such was the fact, he should have made a motion for a new trial and had the verdict set aside. The judge directed a verdict for the plaintiff. In the present state of the record we find no error in this judgment.

*Judgment affirmed. All the Justices concur.*